VAN PELT v. CHAPTER GENERAL OF AMERICAN KNIGHTS OF ST. JOHN AND MALTA.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

1. TRIAL—AMENDMENT—SURPRISE.
    It is not error to permit plaintiff to amend her complaint, at the time of trial, in a particular which does not materially change the cause of action, where it is not claimed that it was a surprise to defendant.

2. APPEAL—VERDICT—CONCLUSIVENESS.
    The supreme court will not, on appeal, interfere with a verdict rendered on conflicting evidence.

Appeal from trial term, Westchester county.
Action by Gussie Van Pelt against the Chapter General of American Knights of St. John and Malta. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John H. Burchell, for appellant.

George C. Appell, for respondent.

GOODRICH, P. J.　The action is brought by the widow of George C. Van Pelt on a certificate of his membership in the defendant corporation, which certificate was issued in the course of its business of fraternal life insurance.　The plaintiff was named as beneficiary in the certificate.　An amendment of the complaint was allowed at the trial, over the objection and exception of the defendant, which requires no consideration, as it did not materially change the cause of action, and as there was no suggestion that it was a surprise to the defendant.

The question litigated at the trial was whether Van Pelt, in his application, falsely represented his physical condition by stating that he had no disease of the lungs, and never had been afflicted with spitting or raising of blood.　The certificate was issued February 12, 1897, and Van Pelt died November 23, 1897.　The proofs of death and the evidence show that he died of pulmonary tuberculosis.　The attending physician, Dr. Weiss, stated in the proofs that he did not know how long Van Pelt had been suffering from the disease.　The defendant demanded a new answer to the question, and the physician made the same reply.　A witness on the part of the defendant testified that the plaintiff told him before her husband's death that her husband "had hemorrhages, but these now were not so severe as three years before."　The plaintiff positively denied any such conversation, but stated that he did have hemorrhages four or five months before his death, and not before that time.　This question was fairly submitted to the jury, and with their verdict we see no reason to interfere.　The judgment and order should be affirmed.

Judgment and order affirmed, with costs.　All concur.